IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0902
════════════
 
Liberty Mutual Insurance 
Company, Liberty Insurance Corporation, Liberty Mutual Fire Insurance Company, 
LM Insurance Corporation, and First Liberty Insurance Corporation,
Petitioners,
 
v.
 
Betty Griesing, Individually and on Behalf 
of
All Other Persons Similarly 
Situated,
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Third District of 
Texas
════════════════════════════════════════════════════
 
PER CURIAM
 
 
           
In Mid-Century Insurance Co. v. Ademaj, ___ 
S.W.3d ___ (Tex. 2007), we determined that Mid-Century Insurance Co. and others 
had properly charged insureds a Texas Automobile Theft 
Prevention Authority fee. Betty Griesing raised the 
same issue in a suit against Liberty Mutual Insurance Company and several of its 
affiliates (Liberty Mutual, collectively). The trial court issued a partial summary judgment for Griesing, Liberty Mutual properly filed an 
interlocutory appeal under section 51.014(d) of the Texas Civil Practice 
and Remedies Code, and the court of appeals affirmed. 150 
S.W.3d 640 (Tex. App.—Austin 2004). Griesing argues that we should dismiss Liberty Mutual’s petition for review for want of jurisdiction. We 
need only address this jurisdictional argument.
           
In this context, the Legislature allows petitions for review from interlocutory 
appeals only when the court of appeals issued a dissenting opinion or when the 
court of appeals’ decision conflicted with a prior decision of this Court or of 
another court of appeals. Tex. Gov’t Code § 22.225(c); State 
v. Shumake, 199 S.W.3d 279, 282 (Tex. 
2006). No dissenting opinion was filed in the court of 
appeals, and after reviewing the parties’ briefs and the relevant authorities, 
we do not find the requisite conflict. Accordingly, we dismiss Liberty Mutual’s petition for want of jurisdiction.
 
OPINION DELIVERED: December 14, 
2007